UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROGER PUDLIN,                                    :

                   Plaintiff,          :     **NOTICE OF REMOVAL**

                     -against-          :

NYU LANGONE MEDICAL CENTER,              :     Docket No.:

                Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLEASE TAKE NOTICE** that Defendant NYU Langone Medical Center (the "Hospital") hereby removes this action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and respectfully states the following:

## I.    THE COMPLAINT

1.     On or about December 9, 2016, Plaintiff Roger Pudlin ("Plaintiff") commenced this action against the Hospital via a Summons and Complaint ("Complaint") filed in the Supreme Court of the State of New York, County of New York, Index No. 102005/2016. A copy of Plaintiff's Summons and Complaint is annexed hereto as Exhibit A.

2.     On December 20, 2016, the Hospital was personally served with the Summons and Complaint.

3.     Plaintiff's Complaint appears to assert three causes of action against the Hospital.

4.     The First and Second Causes of Action allege disability discrimination under Title III of the Americans with Disability Act of 1990, 42 U.S.C. § 12182(b) ("ADA") and 28 C.F.R. § 36.202 based on the alleged denial of a timely toileting accommodation, and an allegedly inaccurate and incomplete Diagnostic Vocational Evaluation ("DVE"). *See* Exhibit A at pp. 1-2.

1

5.     The Third Cause of Action is based on an alleged violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") for the Hospital's refusal to amend its DVE for Plaintiff, which it had completed in or about December 2013. *See* Exhibit A at p. 6.

## II.   STATUTORY BACKGROUND FOR REMOVAL

6.     The federal removal statute provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a).

7.     28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Furthermore, any civil action of which the district courts have original jurisdiction found on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

8.     Whether federal courts have original federal question jurisdiction over an action is governed by the "well-pleaded" complaint rule, pursuant to which federal question jurisdiction exists if plaintiff's statement of his own causes of action shows that it is based on federal law. *See Caterpillar Inc. v Williams*, 482 U.S. 386, 392 (1987); *see also Romano v. Kazacos*, 609 F.3d 512 (2d Cir. 2010) (reasoning that under the well-pleaded complaint rule a plaintiff is the master of his complaint and is free to avoid federal jurisdiction by "pleading only state claims even when a federal claim is also available").

### III.    THIS COURT HAS ORIGINAL JURISDICTION AND REMOVAL IS PROPER BASED UPON FEDERAL QUESTION JURISDICTION

9.      This action is a civil action in which the United States District Court has original jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441, because Plaintiff raises only federal questions with respect to his three claims under the ADA and HIPAA.

10.     Plaintiff's First and Second Causes of Action assert that the Hospital discriminated against him in violation of the ADA.  Specifically, the first claim asserts that the Hospital failed "to provide him with the full range of Defendant's goods and services – specifically, by denying him a timely toileting accommodation." The second claim asserts that the Hospital did not complete a DVE accurately in light of his toileting accident, and that the "inaccurate and incomplete DVE thus constitute a further denial by Defendant of its goods and services to Plaintiff."  *See* Exhibit A at ¶ 6, 13-16.

11.     Plaintiff's Third Cause of Action asserts that Defendant refused to amend the DVE "to reflect Defendant's denial of the toileting and other accommodations, and the consequently inaccurate and incomplete DVE that resulted," in violation of HIPAA, 45 C.F.R. §§ 164.526, and the ADA, 42 U.S.C. § 12182(a). *See* Exhibit A at ¶ 6, 14-16.

12.     Because the Complaint seeks redress for alleged violations under the ADA and HIPAA, this Court has federal question removal jurisdiction under 28 U.S.C. § 1441.

### IV.    THE HOSPITAL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

13.     Removal is timely under 28 U.S.C. § 1446(b) because the Complaint filed in the Supreme Court of the State of New York, County of New York, is the first pleading, motion, order or other paper from which it could first be ascertained that this action is one that is removable.

14.     This Notice of Removal is filed within thirty (30) days of receipt by the Hospital of a copy of the Complaint, which was served on the Hospital on December 20, 2016.

15.     The Hospital will give written notice to the pro se Plaintiff of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

16.     The Supreme Court of the State of New York, County of New York, is located within the Southern District of New York.  Thus, venue is proper in this Court pursuant to 28 U.S.C. § 112(c), because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

17.     Pursuant to 28 U.S.C. § 1441(a), the Hospital need not obtain the consent of any other party to remove this action under the attendant circumstances. *See* 28 U.S.C. § 1441(a).

18.     A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by the Hospital with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

19.     As such, the Hospital has satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## V.    ALL STATE ACTION IS HEREBY STAYED

20.     Upon information and belief, there appears to be a motion, brought by order to show cause, pending before the Supreme Court, Hon. David Benjamin Cohen.  To the extent that any such motion exists, notice is hereby given that any further state action is stayed, pursuant to 28 U.S.C. § 1446(d), unless and until the case is remanded.

**WHEREFORE**, the Hospital respectfully requests that this Court assume full jurisdiction over the case herein as provided by law.  Notwithstanding the foregoing, the Hospital intends no admission of liability by this Notice of Removal and expressly reserves any and all defenses, including, but not limited to, personal jurisdiction defenses, and objections to the sufficiency of Plaintiff's pleadings.

Dated: Great Neck, New York
January 3, 2017

Respectfully submitted,

GARFUNKEL WILD, P.C.
*Attorneys for Defendant NYU Langone Medical Center*

By: _____
Roy W. Breitenbach, Esq.
Jason Hsi, Esq.
111 Great Neck Road
Great Neck, New York  11021
(516) 393-2200

TO:   Roger Pudlin
*Pro Se Plaintiff*
320 W 86th Street, Apt 2B
New York, New York 10024

5